## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Ali AZIZZADEH-FARD, MD        :
(A97 203 514)              :
4205 Riley St.              :
Houston, TX 77005       :
                            :

  Plaintiff                :
                            :

    v.                    :      Civil No. _____
                            :

Michael CHERTOFF         :
Secretary                  :
U.S. Department of Homeland Security  :
245 Murray Drive, Building 410   :
Washington, DC 20528      :
                            :

Emilio T. GONZALEZ       :
Director                   :
USCIS                     :
20 Massachusetts Avenue, N.W.   :    **COMPLAINT TO**
Washington, DC 20529      :    **COMPEL AGENCY ACTION AND**
                            :    **PETITION FOR WRIT OF**
David ROARK             :    **MANDAMUS**
Director                   :
USCIS Texas Service Center    :
4141 St. Augustine Road      :
Dallas, TX 75227         :
                            :

Sharon HUDSON          :
District Director         :
USCIS Houston District Office   :
126 Northpoint Drive       :
Houston, TX 77060       :
                            :

Robert S. MUELLER, III    :
Director                   :
Federal Bureau of Investigation   :
J. Edgar Hoover Building     :
935 Pennsylvania Ave. NW   :
Washington, DC 20535      :
                            :

     in their official capacities,   :
                            :
     Respondents         :

PRELIMINARY STATEMENT

1.  This is a civil action to compel agency action unreasonably delayed pursuant to 5 U.S.C. § 555(b) and § 706(1) and for *mandamus* relief pursuant to 28 U.S.C. § 1361.

2.  Plaintiff has filed an I-485 Application to adjust his status to lawful permanent resident of the United States, but the Defendants have refused or willfully failed to process or adjudicate Plaintiff's I-485 application for several years.  Plaintiff has made numerous attempts to have Defendants adjudicate his application.  Plaintiff has no other administrative remedies available to him to compel Defendants to act.  Defendants' willful failure to adjudicate Plaintiff's application causes irreparable harm to the Plaintiff by depriving him of lawful immigration status allowing him to reside permanently in the United States.

3.  Defendants have continually refused or failed to perform statutory and regulatory duties owed to the Plaintiff.  Accordingly, Plaintiff seeks injunctive relief and *mandamus* relief arising out of the unlawful and unreasonably delayed actions of the Defendants.

PARTIES

4. Plaintiff Ali Azizzadeh-Fard, MD (Alien Registration Number A97-203-514), a citizen of Canada, is the beneficiary of an approved employment-based second preference immigrant petition classifying him as an "Individual with an Advanced Degree or Exceptional Ability in the National Interest" and an approved employment-based first preference immigrant petition classifying him as an "Alien of Extraordinary Ability" and the applicant in an application for adjustment of status to lawful permanent resident filed with U.S. Citizenship and Immigration Services ("USCIS") on or about May 22, 2003.  Plaintiff Ali Azizzadeh-Fard, MD resides at 4205 Riley Street, Houston, TX 77005.

5.      Plaintiff Ali Azizzadeh-Fard, MD is an accomplished doctor licensed to practice in Texas, Missouri and California.  He is currently the Director of Endovascular Surgery at the Department of Cardiothoracic and Vascular Surgery at the University of Texas Health Science Center in Houston Texas, an assistant professor at the same university, the Medical Director of the Vascular Laboratory at the Memorial Hermann Hospital and the Director of Endovascular Surgery at the Memorial Hermann Hospital.

6.      Plaintiff Ali Azizzadeh-Fard, MD's contribution to the medical community is vast.  Plaintiff has over forty published articles in prominent medical journals, serves on over fifteen committees at the various hospitals and universities he is affiliated with, has made numerous presentations and lectures throughout the country and most importantly is currently working on four separate research projects sponsored by leading scientific corporations and government research organizations; namely, Boston Scientific, Cordis Endovascular, Cook, Inc., the National Institutes of Health, and the National Heart, Lung, and Blood Institute.

7.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), whose office address is DHS, 245 Murray Lane, Building 410, SW, Washington, D.C. 20528.

8.  Defendant Emilio T. Gonzalez is Director of USCIS, a subdivision of DHS, whose office address is USCIS, 20 Massachusetts Avenue, NW, Washington, D.C. 20529.

9.  Defendant David Roark is the Director of the USCIS Texas Service Center whose office address is USCIS Texas Service Center, 4141 St. Augustine Road, Dallas, TX 75227.

10.  Defendant Sharon Hudson is the District Director of the USCIS Houston District Office, whose office address is USCIS Houston District Office, 126 Northpoint Drive, Houston, TX 77060.

11.    Defendant Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation (FBI), whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

12.    Each Defendant is sued in his or her official capacity.   Defendants Chertoff, Gonzalez, Roark and Hudson are responsible for the adjudication, grant and denial of Applications for Adjustment of Status filed by applicants in Texas, including Plaintiff, pursuant to 8 U.S.C. §1103, 8 U.S.C. §1255, 8 C.F.R. §2.1, 8 C.F.R. §103.1(a), and 8 C.F.R. Part 245.

13.    Defendant Mueller is responsible for providing criminal background information, if any, and name verification records relating to aliens within the United States, including applicants for adjustment of status, pursuant to 28 U.S.C. §534(a)(4), 8 U.S.C. §1105(b), 8 U.S.C. §1182(a)(2), 8 U.S.C. §1227(a)(2) and 28 C.F.R. §20.31 and 28 C.F.R. §20.33(a)(2).


<u>JURISDICTION</u>

14.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under the laws of the United States, particularly 8 U.S.C. §1103, 8 U.S.C. §1255, 28 U.S.C. §534(a)(4), and related agency regulations.   This court also has jurisdiction to issue a writ of mandamus to compel agency action under 28 U.S.C. §1361 as the Plaintiff's claims are against officers and employees of the United States and agencies thereof.

15.    There are no administrative remedies available to Plaintiff to redress the grievances described in this Complaint.   This action challenges the Defendants' procedural policies, practices, interpretations of law and their failure to act, not the discretionary granting or denial of

individual petitions or applications. Therefore, the jurisdictional limitations under 5 U.S.C. §701(a)(2) and 8 U.S.C. §1252 do not apply.

VENUE

16. Venue lies in the District of Columbia under 28 U.S.C. § 1391(e)(1), as this is an action against officers and employees of the United States acting in their official capacities, brought in the district where several of the Defendants reside. Defendants Chertoff, Gonzalez and Mueller all perform a significant amount of their official duties and maintain their offices in the District of Columbia.

17. Venue also properly lies within the District of Columbia, pursuant to 28 U.S.C. § 1391(e) (2), as a substantial part of the events giving rise to the Plaintiff's claims occurred in this district. The policies, practices and interpretations of law giving rise to the Plaintiffs' claims were issued by, or under the direction of, Defendants Chertoff, Gonzalez and Mueller, all of whom maintain their headquarters in the District of Columbia.

STATEMENT OF THE CASE

18. On or about May 22, 2003, Plaintiff Ali Azizzadeh-Fard, MD, filed with the USCIS Texas Service Center (TSC) an employment-based second preference immigrant petition, Form I-140, to classify him as an "Individual with an Advanced Degree or Exceptional Ability in the National Interest" and Plaintiff Ali Azizzadeh-Fard, MD, concurrently filed with the TSC an appropriate Application for Adjustment of Status on Form I-485, applying to become a permanent resident of the United States. The TSC issued Form I-797 on May 23, 2003, indicating receipt of Plaintiff Ali Azizzadeh-Fard, MD's Application for Adjustment of Status. On April 20, 2005, Plaintiff's I-140 petition was approved and he was classified as an

"Individual with an Advanced Degree or Exceptional Ability in the National Interest" pursuant to 8 U.S.C. §1153(b)(2)(B)(i).

19.    On or about May 22, 2003, Plaintiff also filed an employment-based first-preference immigrant petition, Form I-140, to classify him as an "Alien of Extraordinary Ability." On August 6, 2004, Plaintiff's I-140 petition was approved and he was classified as an "Alien of Extraordinary Ability" pursuant to 8 U.S.C. §1153(b)(1)(A).

20.    On or about March 1, 2006, Plaintiff's counsel wrote to the TSC and requested that his pending I-485 application be transferred from the employment-based second preference "Individual with an Advanced Degree or Exceptional Ability in the National Interest" petition to the employment-based first preference "Alien of Extraordinary Ability" petition pursuant to chapter 23 in the Adjudicator's Field Manual, section 23.2(k) and that his I-485 application be adjudicated immediately as it was already two years outside of normal processing time.

21. The I-485 Application of Plaintiff has been pending for approximately four years and six months.

22.    Defendants have failed or willfully refused to adjudicate or otherwise process Plaintiffs' I-485 Applications for approximately four and one half years. The average, published processing time for I-485 Applications is just over seven months, 72 Fed. Reg. 4888, 4893 (USCIS) (Proposed Rule) (Feb. 1, 2007), which leaves the processing of Plaintiff's Application almost four years behind average processing times for similar Applications.

23. Plaintiff has been unable to have Defendants complete the adjudication of his I-485 Application. Attempts by Plaintiff to have his Application adjudicated have failed to move the Defendants to act. Plaintiff has exhausted all administrative remedies.

24. The Defendants' failure to adjudicate the Plaintiff's I-485 Application for periods in excess of four and one half years prevents and delays Plaintiff's ability to seek naturalization to become a United States citizen, as naturalization applicants must reside continuously in the United States as permanent residents for five years to be eligible for naturalization pursuant to 8 U.S.C. §1427(a). It also prevents Plaintiff from obtaining permanent employment authorization in the United States.

25. The Defendants' failure to adjudicate the Plaintiff's I-485 Application for periods in excess of four and one half years prevents and delays Plaintiff's ability to travel to international conferences in which he is asked to speak and prevents him from joining certain medical societies that only accept U.S. citizens. Plaintiff's inability to travel and join such organizations prevents him from further sharing his extensive knowledge with other doctors and medical students worldwide.

26. Upon information and belief, the FBI has failed to complete and to issue to USCIS the results of name checks relating to the Plaintiff in connection with the Plaintiff's I-485 Application.

## CAUSES OF ACTION

### Count I

### *(Violation of Administrative Procedure Act)*

27. Plaintiff incorporates the averments contained in paragraphs 1 through 26 as if fully set forth herein.

28. Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

(a) "unlawfully withheld or unreasonably delayed," under 5 U.S.C. §706(1);

(b) not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 U.S.C. §555(b);

(c) "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 U.S.C. §706(2)(A); and

(d) "without observance of procedures required by law," under 5 U.S.C. §706(2)(D).

29.  As a result, Plaintiff has suffered irreparable harm entitling him to injunctive and other relief.

Count II

*(Petition for Writ of Mandamus)*

30.  Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

31.  Defendants are charged with a duty to administer and enforce the *Immigration and Nationality Act*, pursuant to 8 U.S.C. §1103.  Defendants Michael Chertoff, Emilio T. Gonzalez, David Roark and Sharon Hudson have sole responsibility for the adjudication of applications for adjustment of status filed under 8 U.S.C. §1255.  Defendant Robert S. Mueller, III, has the responsibility to provide criminal background and name verification records to USCIS officials pursuant to 8 U.S.C. §1105(b) and 28 U.S.C. §534(a)(4).  Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

32.  Plaintiff has a clear right to have his I-485 application adjudicated pursuant to the Immigration and Nationality Act.

33.    Plaintiff has no administrative remedies available to compel Defendants to perform their statutory and regulatory duty.

34.    Pursuant to 28 U.S.C. §1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiff, so that Plaintiff may be promptly informed of the outcome of his I-485 application.

Count III

(Equal Access to Justice Act)

35.  Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

36.  If Plaintiff prevails, he will seek attorney's fees and costs, pursuant to 5 U.S.C. §504 and 28 U.S.C. §2412.

RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray that this Court:

(a)    Order Defendants Michael Chertoff, Emilio T. Gonzalez, David Roark, and Sharon Hudson to perform their duties and immediately adjudicate Plaintiff's I-485 application;

(b)    Order Defendant  Robert S. Mueller, III, to perform his duties and immediately issue the results of criminal background checks and/or name checks to USCIS relating to Plaintiff;

(c)    Award the Plaintiff attorney's fees and costs under the Equal Access to Justice Act; and

(d)    Grant such other relief as the Court deems equitable and proper.

Respectfully submitted,

_____

Thomas K. Ragland
(D.C. Bar No. 501021)
Maggio & Kattar, P.C.

Dated: ___12/17/07___

9

11 Dupont Circle, NW, Ste. 775
Washington, DC 20036
202-483-0053

VERIFICATION

I, Ali Azizzadeh-Fard, MD, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint to Compel

Agency Action and for Writ of Mandamus upon information and belief.

Dated: _12/7/2007_

Place: _Houston, Texas_

_____

Ali Azizzadeh-Fard, MD

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ali AZIZZADEH-FARD, MD | Michael CHERTOFF, Secretary, Dept. of Homeland Security, Emilio T. GONZALEZ, Director, USCIS, David ROARK, Director, USCIS Texas Service Center, Sharon HUDSON, District Director, USCIS Houston District Office, Robert S. MUELLER, III, Director, F.B.I. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Washington, D.C
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland
Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036
202-483-0053

ATTORNEYS (IF KNOWN)

U.S. Attorney for the District of Columbia
555 4th Street NW
Washington, DC 20530

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○1 | ○1 | Incorporated or Principal Place of Business in This State | ○4 | ○4 |
| Citizen of Another State | ○2 | ○2 | Incorporated and Principal Place of Business in Another State | ○5 | ○5 |
| Citizen or Subject of a Foreign Country | ○3 | ○3 | Foreign Nation | ○6 | ○6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust
☐ 410 Antitrust

○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

● E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

5 U.S.C. § 555(b) and § 706(1) and 28 U.S.C. § 1361 - Seeking an Order compelling administrative agency action unreasonably delayed

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ [_____]    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  12/17/57    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.